## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

---

## AMENDED CASE MANAGEMENT ORDER

---

**Brandon Boehner, et al.,**

                    Plaintiffs,

          v.                                    21-cv-6574-FPG-MJP

**The City of Rochester, et al.,**

                    Defendants.

---

**Amanda Flannery,**

                    Plaintiff,

          v.                                    22-cv-6101-FPG-MJP

**The City of Rochester, et al.,**

                    Defendants.

---

**Kaitlin Flannery,**

                    Plaintiff,

          v.                                    22-cv-6062-FPG-MJP

**The City of Rochester, et al.,**

                    Defendants.

---

**Tiara Grayson,**

            Plaintiff,

         v.                            21-cv-6719-FPG-MJP

**The City of Rochester, et al.,**

            Defendants.

---

**Christopher Hilderbrant,**

            Plaintiff,

         v.                            21-cv-6714-FPG-MJP

**The City of Rochester, et al.,**

            Defendants.

---

**Jaeylon Johnson,**

            Plaintiff,

         v.                            24-cv-6081-FPG-MJP

**The City of Rochester, et al.,**

            Defendants.

---

**Emily Lynch,**

            Plaintiff,

         v.                            21-cv-6708-FPG-MJP

**The City of Rochester, et al.,**

            Defendants.

---

**Indiia Maring,**

               Plaintiff,

               v.                       21-cv-6720-FPG-MJP

**The City of Rochester, et al.,**

               Defendants.

---

**Jamia McCuller,**

               Plaintiff,

               v.                       21-cv-6763-FPG-MJP

**The City of Rochester, et al.,**

               Defendants.

---

**Wendy Painting,**

               Plaintiff,

               v.                       22-cv-6179-FPG-MJP

**The City of Rochester, et al.,**

               Defendants.

---

**Alyssa Pigott,**

               Plaintiff,

               v.                       22-cv-6180-FPG-MJP

**The City of Rochester, et al.,**

               Defendants.

---

**Geoffrey Rogers,**

          Plaintiff,

        v.                                  22-cv-6583-FPG-MJP

**The City of Rochester, et al.,**

          Defendants.

**Daniel Sorokti,**

          Plaintiff,

        v.                                  21-cv-6709-FPG-MJP

**The City of Rochester, et al.,**

          Defendants.

**Maranie Rae Staab,**

          Plaintiff,

        v.                                  22-cv-6063-FPG-MJP

**The City of Rochester, et al.,**

          Defendants.

**Stephanie Woodward,**

          Plaintiff,

        v.                                  21-cv-6685-FPG-MJP

**The City of Rochester, et al.,**
          Defendants.

**Nicole Hushla,**

    Plaintiff,

   v.          22-cv-6039-FPG-MJP

**The City of Rochester, et al.,**

    Defendants.

**Jesse Ames,**

    Plaintiff     22-cv-6409-FPG-MJP

   v.

**The City of Rochester, et al.**

    Defendants.

**Sabine Adler,**

    Plaintiff,

   v.          23-cv-6513-FPG-MJP

**The City of Rochester, et al.,**

    Defendants.

**Kavonna Buchanan,**

              Plaintiff,

       v.                                    23-cv-6292-FPG-MJP

**The City of Rochester, et al.**

              Defendants.

**Katie Adamides, et al.,**

              Plaintiffs,

       v.                                    24-cv-6107-FPG-MJP

**The City of Rochester, et al.,**

              Defendants.

     **PURSUANT TO** the order of the Hon. Frank P. Geraci, Jr., Senior District Judge, referring the above case to the undersigned for pretrial matters and the entry of a scheduling order under Fed. R. Civ. P. 16(b) and W.D.N.Y. Loc. R. Civ. P. 16, and the parties having submitted a joint discovery plan or motion for an extension of deadline(s), and the undersigned having found good cause pursuant to Fed. R. Civ. P. 16(b)(4), the Court

     **ORDERS** that

     1.    **Mandatory disclosures.** The deadline has passed for the parties' compliance with the mandatory initial disclosure requirements of Fed. R. Civ. P. 26.

2.      **Motions to amend.** The deadline has passed for the parties to file any motions to amend the pleadings or to add or join any parties**.**

3.      **Close of fact discovery.** The parties shall complete all fact discovery by **July 31, 2026.**

4.      **Experts.** Plaintiff shall identify any expert witnesses and serve any expert reports no later than **November 20, 2026.** Defendant shall identify any expert witnesses and serve any expert reports no later than **December 21, 2026.** All expert discovery, including depositions, shall be completed by **January 22, 2027.**

5.      **Motions to compel.** The parties shall file any motions to compel discovery no later than **July 31, 2026.**

6.      **Dispositive motions.** Dispositive motions, if any, shall be filed no later than **March 10, 2027.**

7.      **Discovery disputes.** If a discovery dispute arises, the parties shall initially advise the Court of the dispute via letter (with copy to opposing counsel). Upon review of the letter, the Court will generally schedule a conference with the parties to attempt to settle the dispute informally. If the dispute is not resolved informally, the parties will have the opportunity to file a formal motion. This informal discovery dispute process is not expedited motion practice. Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' position. Parties do not waive arguments by failing to raise them in their letter submissions. If a dispute arises during the taking of a

deposition that cannot be resolved by the parties, the parties are permitted to contact chambers via telephone from the location of the deposition.

      8.    **Extensions.** COUNSEL IS DIRECTED TO READ THIS PROVISION CAREFULLY.

> a.    When seeking an extension of **any deadline** in this scheduling order, the parties **must file a motion, or letter motion, before the deadline that shows good cause.** Absent truly exceptional circumstances, any motion for an extension shall be made at least one week before the deadline to be extended.

> b.    **The Court will deny any extension request that fails to show diligence.** "[A] finding of good cause depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

> c.    **The Court may reject any extension request and require it to be refiled if it does not include specific new dates that fall on a business day.**

9.    **Warning.** The undersigned may, on motion or *sua sponte,* impose sanctions where parties willfully ignore or otherwise fail to adhere to this scheduling order under Fed. R. Civ. P. 16(f).

**SO ORDERED.**

Dated:    January 9, 2026
             Rochester, NY

                                    MARK W. PEDERSEN
                                 United States Magistrate Judge